IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, <br><br>                 Plaintiff, <br><br>     vs. <br><br> NATHAN GASSMAN, District Ranger, Kootenai National Forest, Libby Ranger District; CHAD BENSON, Forest Supervisor, Kootenai National Forest; KEITH LANNOM, Deputy Regional Forester, U.S. Forest Service Region One; U.S. FOREST SERVICE; and U.S. FISH & WILDLIFE SERVICE, <br><br>                 Defendants. | CV-21-105-M-DLC-KLD <br><br><br><br> ORDER |

The American Forest Resource Council (AFRC), Lincoln County, and the Kootenai Forest Stakeholders Coalition (KFSC) (collectively "Proposed Intervenors") have filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b).

1

Proposed Intervenors explain that Plaintiff does not oppose intervention, so long as there is reasonable accommodation in the case management plan to expand the word limit for Plaintiff's briefing so that it can effectively respond to two different cross-motions for summary judgment in one consolidated summary judgment brief. Proposed Intervenors and Federal Defendants do not oppose Plaintiff's request in this regard. The Court has already expanded Plaintiff's briefing word limit to allow for consolidation of its responses. (Doc. 11).

Proposed Intervenors further state that Plaintiff has indicated it will seek fees and costs from the government, including fees for related issued raised by Proposed Intervenors. Federal Defendants do not oppose intervention, but argue "that where plaintiffs are litigating an issue and are opposed by private defendants, a fee award against the government would be manifestly unfair and contrary to historic fee-shifting principles." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (internal citation and quotation marks omitted). Federal Defendants request that if the Court grants intervention, it include the condition that each party bears its own fees and costs with respect to Proposed Intervenors' participation.

Proposed Intervenors, in turn, maintain that whether each party bears its own fees and costs with respect to Proposed Intervenors' participation need not be addressed at this stage in the proceedings. The Court agrees. As outlined below,

Proposed Intervenors have demonstrated that the criteria for intervention as of right under Rule 24(a)(2) are satisfied, and no existing party argues otherwise. The disagreement between the existing parties over whether Plaintiff will ultimately be entitled to recover attorney fees and costs from the government related to Proposed Intervenors' participation does not affect the Rule 24(a)(2) analysis, and can be addressed as necessary after entry of judgment.

A litigant seeking to intervene as of right under Fed. R. Civ. P. 24(a)(2) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *DBSI/TRI IV Ltd. Partnership v. United States,* 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham,

3

frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*,

268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the

burden of showing those four elements are met, 'the requirements for intervention

are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949,

954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919

(9th Cir. 2004)).

All four criteria for intervention as of right are satisfied in this case. This

case is in its earliest stages, and there is no indication that allowing Proposed

Intervenors to participate will prejudice the existing parties. Proposed Intervenors

moved to intervene without delay, and their motion is thus timely. Plaintiff

Alliance for the Wild Rockies seeks to permanently vacate or enjoin the

implementation of the Ripley Project on the Kootenai National Forest. As detailed

in their supporting brief and declarations, Proposed Intervenors have a significant

protectible interest in the Ripley Project's fuel management components, which

they maintain will reduce the risk of catastrophic fire by removing excessive fuels

from the landscape. (Doc. 13, at 8). In addition, AFRC and KFSC have a

significant protectable economic interest that may be impaired as a result of this

litigation because they have purchased timber sales from the Ripley Project and

will likely do so in the future if the Ripley Project is allowed to continue. Likewise,

4

Lincoln County residents and businesses will perform a significant portion of the logging, transportation, and other work associated with the Ripley Project. (Doc. 13, at 9-10). Finally, Proposed Intervenors have shown that the Federal Defendants' representation of Proposed Intervenors' protectable interest may be inadequate because the Federal Defendants do not share the economic and safety concerns of the Proposed Intervenors in relation to the Ripley Project.

Because Proposed Intervenors satisfy the criteria for intervention as of right under Rule 24(a)(2) as set forth in more detail in their motion (Doc. 12), supporting brief (Doc. 13), and attached exhibits (Docs. 13-1; 12-2; 13-3; 13-4),

IT IS ORDERED that AFRC, Lincoln County, and KFSC's motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) is GRANTED.[1] The Clerk of Court is directed to add AFRC, Lincoln County, and KFSC as Defendant-Intervenors, and the case caption shall be modified accordingly. Defendant-Intervenors shall abide by the terms of the existing Case Management Order entered on November 18, 2021. (Doc. 11).

---

[1] "A motion to intervene is a nondispositive motion which may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)." *United States v. Marsten Apartments, Inc.* 175 F.R.D. 265, 267 n. 1 (E.D. Mich. 1997). See also *Robert Ito Farm, Inc. v. City of Maui*, 2015 WL 134070, at *2 (D. Haw. Jan 9. 2015); *United States v. Brooks*, 163 F.R.D. 601 (D. Or. 1995).

IT IS FURTHER ORDERED that Proposed Intervenors shall refile the

Proposed Answer (Doc.12-5) attached to their motion to intervene.

DATED this 22nd day of November, 2021.

_____

Kathleen L. DeSoto
United States Magistrate Judge